16 F.3d 422
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Ozzie L. MATTHEWS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3405.
 United States Court of Appeals, Federal Circuit.
 Dec. 21, 1993.
 
 Before PLAGER, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Ozzie L. Matthews appeals the decision of the Merit Systems Protection Board (MSPB)[1] affirming the Office of Personnel Management's (OPM) determination that Mr. Matthews had not timely filed his application for disability retirement benefits. We affirm.
 
 BACKGROUND
 
 2
 On July 17, 1987 petitioner, who had been employed by the federal government for over 20 years, was removed from his position with the Defense Depot Memphis (DDM) (now the Defense Distribution Region Central). More than two years later, on September 21, 1989, OPM received an application for disability retirement benefits from petitioner; OPM has no record of receiving an application from petitioner at any earlier date.
 
 
 3
 On June 25, 1991, OPM, pursuant to 5 U.S.C. Sec. 8337(b) (1988),[2] dismissed petitioner's application for disability retirement benefits as untimely filed. Petitioner sought reconsideration of this decision with OPM claiming he had filed an application prior to his removal, but OPM, on September 23, 1992, upheld its earlier decision.
 
 
 4
 Petitioner timely appealed this decision to the MSPB. Petitioner claimed that prior to his removal, in June of 1986, he gave a completed application for disability retirement benefits to Pauline Reed, a Personnel Assistant with DDM whose job was to process such applications. Petitioner asserted that since OPM never received this application Ms. Reed deliberately failed to forward it to OPM. Ms. Reed, however, denied receiving any application from petitioner in June of 1986. In the alternative, petitioner argued that he was mentally incompetent from the time he was removed until the time he filed his application, and therefore, his lack of timeliness is waived pursuant to 5 U.S.C. Sec. 8337(b) (1988). In an initial decision dated January 22, 1993, which affirmed OPM's reconsideration decision, the AJ specifically found that petitioner did not give Ms. Reed a completed application for disability retirement benefits, and therefore, Ms. Reed could not have deliberately failed to forward it to OPM. In addition, the AJ found that petitioner had failed to meet his burden of showing that he was mentally incompetent between the time he was removed and the time he filed his application in August of 1989.
 
 
 5
 This initial decision became the final decision of the MSPB on May 19, 1993 when the MSPB denied petitioner's petition for review. Petitioner appeals this decision to our court.
 
 DISCUSSION
 
 6
 This court is bound to uphold the decision of the MSPB unless it is unsupported by substantial evidence, arbitrary, capricious, an abuse of discretion, or contrary to any law, rule or regulation. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 7
 The AJ's specific findings were based on credibility determinations; these determinations are "virtually unreviewable." See Hambsch v. Department of the Treasury 796 F.2d 430, 436 (Fed.Cir.1986). In finding that the petitioner did not file an application in June of 1986 the AJ considered the conflicting testimony of both petitioner and Ms. Reed and found Ms. Reed's testimony more credible. The AJ found petitioner's allegations to be unsupported and implausible in light of the fact he offered no copy of the 1986 completed application or explanation of why he waited until 1989 to verify OPM's receipt of the alleged 1986 application. Furthermore, the AJ noted that petitioner gave no explanation as to why Ms. Reed would have any animosity toward him. Ms. Reed's testimony, however, was supported by a contemporaneous memorandum concerning her talks with petitioner prior to his removal; neither this memorandum nor any other OPM record mentions a 1986 completed application.
 
 
 8
 The AJ also found that petitioner had failed to prove he was mentally incompetent from July 1987 until August 1989, and therefore, the one-year time limit for filing in 5 U.S.C. Sec. 8337(b) was not waived. In addition to the fact that petitioner did not offer any objective medical evidence to support his assertions of mental incompetence,[3] The AJ also found petitioner's testimony regarding this issue to not be credible. During the relevant period, petitioner admitted to being hospitalized for only one week. Furthermore, during that period he was able to prosecute an appeal of his removal from the agency.
 
 
 9
 For these reasons, we hold that the decision of the MSPB is supported by substantial evidence, is not arbitrary, capricious, an abuse of discretion, or contrary to any law, rule or regulation. Therefore, we affirm.
 
 
 
 [1]
 The Administrative Judge's (AJ) initial decision dated January 22, 1993, Docket Number SL831E930020I1, became the final decision of the MSPB on May 19, 1993 when the MSPB denied petitioner's petition for review
 
 
 [2]
 This section states:
 A claim may be allowed under this section only if the application is filed with the Office before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by the Office for an employee or Member who at the date of separation from service or within 1 year thereafter is mentally incompetent, if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.
 
 
 [3]
 As the AJ noted, the MSPB has consistently required objective medical evidence in support of subjective testimony of mental incompetence before allowing a waiver of the one-year time limit under 5 U.S.C. Sec. 8337(b). See Thieken v. Office of Personnel Management, 56 M.S.P.R. 192 (1993); Crane v. Office of Personnel Management, 55 M.S.P.R. 16 (1992); Bridges v. Office of Personnel Management, 37 M.S.P.R. 290 (1988)